M'GOWAN *vs.* THE TOWN OF WINDHAM.

Where it was provided in the charter of the borough of W. that said borough should " keep in good and sufficient repair all the highways which were opened and within the limits of said borough ;" and also directed that at stated periods thereafter, there should be an apportionment according to the assessment lists of the borough and the town, of the highways in said town, and without the limits of said borough ; it was held, that such provision referred only to such ordinary town highways as the town within which said borough was located, was then bound to maintain and repair.

Where the plaintiff in an action against such town for work and labor performed at the request of the selectmen, upon a highway within the limits of such borough, which highway had been built and until after said borough was incorporated, maintained by a chartered company as a turnpike road, but which afterward the legislature directed should be discontinued as a turnpike and should become and thereafter remain a part of the public highway in the respective towns in which it was situated; it was held, that the plaintiff was entitled to recover.

THIS was an action of *assumpsit* against the town of Windham on the common counts only, to recover for work and labor upon a highway. The cause was tried before the superior court at the term holden in January, 1856.

On the trial it was proved that that part of the highway upon which the plaintiff had performed the work and labor

for which he claimed to recover, was situated within the limits of the borough of Willimantic, in the town of Windham; that said highway was built by the Windham and Coventry turnpike company, a body corporate, duly chartered by the legislature of this state in the year 1799, and was kept in repair by said company and used as a turnpike road until the charter of said company was repealed in the year 1852.

The plaintiff offered in evidence the following resolution of the legislature, passed in May, 1852.

"*Resolved by this assembly*, That said road be discontinued as a turnpike road, and said company be dissolved and discharged from all liabilities, charges or expenses for the maintenance of said road. Provided, that said company shall retain the right to collect their dues and to close up their concerns the same as though this act had not been passed. And said road shall hereafter be and remain a part of the public highway in the respective towns in which it is situated, to be maintained and treated in all respects by said towns respectively, as public convenience and necessity may require, in the same manner as though said road had been originally laid out and made by said towns according to the provisions of the statute laws of this state, in such cases made and provided."

The plaintiff claimed to have proved that his work on said road was done under the direction and at the request of the selectmen; and that the repairs so made by him were necessary and proper, and reasonable in amount.

The defendants offered in evidence the resolution incorporating the borough of Willimantic, passed May session, A. D. 1833, the seventh and eighth sections of which were as follows :

" Sec. 7th. Said borough shall keep in good and sufficient repair, all the highways now open within the limits of said borough, and such other highways in the vicinity thereof, as together with the highways now open within said limits shall constitute their fair and just proportion of the highways which the town of Windham is now by law liable to keep in repair. And the highways without the limits of said

borough, shall be apportioned in manner aforesaid, at the expense of said borough, sometime in the month of September next, and at the expiration of each five years thereafter, according to the assessment list of said town, then last perfected ; the first apportionment of said highways to be made by, and under the direction of Abner Hendee, Asahel Bacon, and Calvin Manning, Esqrs., or any two of them, who are hereby appointed commissioners for that purpose, they first giving notice of the time and place of their meeting in said Windham, to the selectmen of said town, and to the warden of said borough ; and a certificate under their hands of such apportionment, describing the location and extent of the highways to be kept in repair by said borough, shall be lodged with the clerk of said town, and a like certificate with the clerk of said borough. And each apportionment of said highways shall be made hereafter in like manner by commissioners to be appointed by the honorable county court for the county of Windham, upon the application of said borough, or the said town of Windham, notice of said application being given to said town of Windham, and to the said borough.

Sec. 8th. And in case said borough shall at any time neglect or refuse to keep in good and sufficient repair, the highways now open within the limits thereof, and the highways so to be apportioned thereto in manner aforesaid, said borough shall be subject to the same proceedings, and liable to the same penalties, as towns in like cases now are. And the inhabitants living within the limits of said borough, shall be exempt from all highway tax as hereafter imposed by the town of Windham, and shall be incapable of voting in relation to the imposition of the same, in the meetings of said town."

The defendants claimed that the liability of repairing so much of said turnpike company's road as was situated within the limits of said borough, was imposed by said resolution upon said borough, subject to the liability of the company to repair the same, and that the liability of the borough was perfected and made absolute by the repeal of the charter of

said company, in May, 1852. And consequently that the plaintiff was not entitled to recover; and the defendants requested the court so to charge the jury.

The court instructed the jury that said turnpike road was in no manner affected by the resolution incorporating the borough of Willimantic, but that the resolution repealing the charter of the said turnpike company, imposed upon the town of Windham the burden of repairing so much of said road as was situated in said town of Windham, including the borough of Willimantic, in the same manner as though said road had been originally laid out by said town; and that when said work was done, there was no liability on the part of said borough to maintain said highway or any part thereof. And that if the jury should find that the work and labor performed by the plaintiff on said road, was done under the direction and at the request of the selectmen of said town, and that the same was necessary and proper for the public travel, and reasonable in amount, then that their verdict must be for the plaintiff; but if they should not so find, then that their verdict must be for the defendants.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial.

*A. A. Burnham*, for the defendants.

1. The seventh section of the resolution incorporating the borough of Willimantic, renders said borough liable to maintain all the highways that were open, and which should from time to time be opened within its limits.

The commissioners to be appointed under the said charter to apportion roads to said borough, have nothing to do with the roads within the limits of the borough, but are only authorized to apportion such roads without it, as, together with those within it, shall make a just proportion of the roads of the town. Therefore, roads within the limits, if they belong to the borough at all, belong to it by force of the provisions in the charter, and not by virtue of the apportionment by the commissioners.

2. Whatever may be the proper construction and effect of

the seventh section of the charter of said borough, considered by itself, yet the resolution of the general assembly, passed May, 1852, repealing the charter of the Windham and Coventry turnpike company, taken in connection with said borough charter, clearly places upon the borough the liability of maintaining that portion of said road which lies within its limits.

*J. H. Carpenter*, for the plaintiff.

I. The Willimantic borough charter treats only of highways, and says nothing of turnpike roads. The road upon which the repairs in question were made at the time of the incorporation of the borough of Willimantic, was a turnpike road, owned and repaired by the Windham and Coventry turnpike company, and used by the public only as they paid tribute to said turnpike company.

II. The legislature, in providing for the apportionment of highways between said borough and the town of Windham, in said borough charter, took into the account highways only, and such as the town of Windham were then liable to repair. They did not intend to provide for the repairs of said turnpike road when the charter thereof should be repealed. *Sherwood* v. *Weston*, 18 Conn. R., 32. 7th Sect. of the borough charter.

III. By the act of 1852, repealing the charter of the Windham and Coventry turnpike company, the town of Windham is made liable for repairs on that portion of said turnpike road within the limits of said Windham. The borough of Willimantic had no notice of that proceeding before the legislature, and could not of course be affected by it. *Sherwood* v. *Weston*, 18 Conn. R., 44.

IV. The town of Windham had a right to repair this turnpike if the charter thereof had not been repealed. Rev. Stat., 606.

HINMAN, J. This was an action for work and labor upon one of the highways in the town, done at the request of the selectmen. The town being bound to keep all the highways

in its limits in sufficient repair, except only such as belong to some particular person or corporation to repair; and the selectmen being the general agents of the town to manage affairs of this sort, the plaintiff has an undoubted right to recover, unless it appears that some other person or corporation was bound to maintain and keep in repair the particular highway upon which the work was performed. This highway is also within the limits of the borough of Willimantic, and by the charter of the borough it was made the duty of that corporation to keep in good and sufficient repair all the highways which were open and within its limits at the time it was granted, (1833); and the claim is, that under this provision of the charter, the borough, and not the town ought to repair this road. If this were so, it would be rather ungracious to refuse to pay for work done at the request of their selectmen, and apparently for the benefit of the town, unless the plaintiff knew that it was not the duty of the town to repair the road. But we need not examine the question, whether the town would be liable in such a case, because we are all satisfied that the town, and not the borough, is bound to maintain this highway. At the time the borough-charter was granted, the highway was a part of the Windham and Coventry turnpike road, originally built and then maintained by the turnpike company. The charter of that corporation was repealed in 1852, and their road was discontinued as a turnpike, and it was provided that thereafter said road should be and remain a part of the public highway in the respective towns in which it was situated. We think, therefore, this was not a highway open in 1833, within the meaning of the borough-charter, and that it only became such on the repeal of the turnpike company's charter in 1852. In one sense, a turnpike road is an open highway, but it is not a town highway, and the clause of the charter which refers to highways then open, we think obviously means only such ordinary town highways as the town were then bound to maintain and repair. It was not intended to apply to turnpikes, and thus shift the burden of repairing them from the turnpike corporation to the borough. Nor

was it intended that all future highways should belong to the borough to maintain, merely because they might be within the limits of the borough. This is evident from the provision that was made for an apportionment of them between the borough and the town. The legislature, instead of continuing the liability on the part of the town to maintain all the highways within its limits, chose to excuse the inhabitants of the borough from the payment of any portion of the ordinary town highway taxes, and to throw a fair proportion of the town highways upon the borough to maintain. Accordingly, the highways then open and within the borough were assigned to the borough, and provision was made for an apportionment, according to the assessment lists of the inhabitants of the borough and the town, at stated periods thereafter, of other highways. If, therefore, the burden should become unequal, in consequence of a change, relatively, in the assessment lists of the borough and of the town, the inequality is at all times subject to a regulation by which it can be corrected. We are satisfied, therefore, that there was no error in the rulings of the superior court, and a new trial is not advised.

In this opinion, the other judges, STORRS and ELLSWORTH, concurred.

New trial not granted.